UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>ISMAEL EDUARDO AXTLE,<br><br>           Defendant. | Case No. 11-cr-00836-RS-2<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

## I. INTRODUCTION

Defendant Ismael Eduardo Axtle moves, *pro se*, for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendments 821 and 709. He contends that under Amendment 821 to the Sentencing Guidelines, he should no longer receive an additional two criminal history points for committing the underlying offenses while on probation. The government opposes this motion because Mr. Axtle's criminal history category is governed by his status as a career offender, and therefore this amendment would not reduce his criminal history category. Defendant's prior convictions warranted career offender status and his criminal history category of IV. Additionally, Mr. Axtle appeals to the compassionate release standards under § 3582(c)(1) but is unable to meet the high bar of an extraordinary and compelling reason for early release. Defendant's motion is therefore denied.

## II. BACKGROUND

Defendant Ismael Eduardo Axtle pled guilty to seven counts, including: Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951(a) (two counts); Carjacking in violation of

18 U.S.C. § 2119 (two counts); Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); and Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c). Mr. Axtle accepted a plea agreement based on a criminal history category of VI and a Total Offense Level of 31, for a guideline range of 272 to 319 months at the original sentencing. On September 23, 2013, Defendant was sentenced to 276 months in custody.[1]

Part A of Amendment 821 amended the status points provision regarding criminal history in Section 4A1.1 of the Sentencing Guidelines. "Status points" are additional criminal history points assigned to defendants if the instant offense was committed while under an existing criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. This provision now appears in Section 4A1.1(e). On August 24, 2023, the Commission decreed this change applies retroactively.

Defendant now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting a reduction to time served or sentence within his corrected range after a criminal history point reduction. Because the Amendment does not modify Mr. Axtle's criminal history category of VI, his guideline range is unmodified and he is not entitled to a sentence reduction. Mr. Axtle also appeals to compassionate release, which is governed by § 3582(c)(1). He has not demonstrated an extraordinary and compelling reason for immediate or early release and therefore his motion is denied.

### III. LEGAL STANDARD

Although courts generally may not modify a term of imprisonment imposed upon judgment of conviction, Section 3582(c)(2) authorizes district courts to do so "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1] This term consists of terms of 192 months on Counts 1, 4, and 5, to be served concurrently, 120 months on Counts 2, 3, and 6, to be served concurrently, and 84 months on Count 7, to be served consecutively.

subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010). "In such cases, Congress has authorized courts to 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* at 824-25 (quoting § 3582(c)(2)). The Supreme Court has noted, however, that § 3582(c)(2) furnishes only "a narrow exception to the rule of finality." *Id.* at 827.

A reduction pursuant to section 3582(c)(2) entails a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826). First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in U.S.S.G. § 1B1.10. *Dunn*, 728 F.3d at 1155 (citing *Dillon*, 560 U.S. at 826-27). This involves the calculation of the amended guideline range that would have been applicable had the relevant amendment been in effect at the time of the initial sentencing by substituting only the amended guideline provisions and leaving all other guideline application decisions unaffected. *Dillon*, 560 U.S. at 827 (citing U.S.S.G. § 1B1.10(b)(1)). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Dunn*, 728 F.3d at 1155 (quoting *Dillon*, 560 U.S. at 827).

A defendant also has the burden of showing special circumstances which clear the high bar for compassionate release to be granted. *United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. 2020). "First, the district court must determine whether 'extraordinary and compelling reasons warrant' a sentence reduction." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Second, the court must evaluate whether a reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted 'under the particular circumstances of the case.'" *Id.*

Under the U.S. Sentencing Guidelines Policy Statement, "extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) medical conditions that diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, (4) victims of sexual or physical abuse perpetrated by employees of BOP, (5) "other reasons" for a sentence reduction that are "similar in gravity" to the four prior reasons, or (6) retroactive changes in sentencing law, but only where the defendant has received an "unusually long sentence" and has served at least 10 years of his or her sentence. *Id.* § 1B1.13(b).

## IV. DISCUSSION

Amendment 821 does not apply to Mr. Axtle's sentence, because his criminal history category was not impacted by his status points but was instead governed by his career offender status. The parties agreed Mr. Axtle was a career offender, placing him in criminal history category VI regardless of status points. The Government is correct that even under Amendment 821, Defendant would have been subject to the same category and sentencing range, thereby making him ineligible for a reduction in sentence pursuant to § 3582(c)(2).

Mr. Axtle also argues that Amendment 709, "in combination with" Amendment 821, warrants a reduction in his sentence. Amendment 709 went into effect in November 2009, and was thus in effect when Mr. Axtle was sentenced in September 2013. Accordingly, Amendment 709 would not alter Mr. Axtle's criminal history category if he were sentenced today.

Mr. Axtle argues he should not be classified as a career offender in the first instance. He explains he had only two prior convictions at sentencing, one in 2000 for felony robbery and one in 2008 for felony possession for sale of a controlled substance. He contends that because a California robbery conviction is no longer a crime of violence for career offender purposes, his criminal history category VI is inapplicable. *See United States v. Wesley*, 753 Fed. App'x 510, 511 (9th Cir. 2012). However, he was additionally convicted in 2005 for felony possession for sale of a controlled substance. Therefore, at the time of sentencing, he had two prior felony convictions for controlled substance offenses, supporting a criminal history category of VI based on career

ORDER ON SENTENCE REDUCTION
CASE NO. 11-cr-00836-RS-2

offender status.

The Defendant also appeals to "extraordinary and compelling reasons" to grant compassionate release. He cites to his "unusually long sentence" and the rehabilitation efforts he has undertaken while incarcerated. For the above reasons, Mr. Axtle cannot establish that his sentence is unusually long. Additionally, while his educational achievements are laudable, rehabilitation efforts are not, standing alone, an extraordinary and compelling reason justifying compassionate release.

## V. CONCLUSION

Mr. Axtle has not shown his criminal history category should be modified, nor has he met his burden under the compassionate release standards. Therefore, his motion for a reduction of his sentence is denied.

**IT IS SO ORDERED**.

Dated: October 11, 2024

_____
RICHARD SEEBORG
Chief United States District Judge